1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JULIO SMITH PARRA,                )
                                  )
              Petitioner,         )        3:11-cv-00416-ECR-WGC
                                  )
vs.                               )        **ORDER**
                                  )
E.K. MCDANIEL, *et al.*,          )
                                  )
                                  )
              Respondents.        )
_____/

Before the court is respondents' motion for enlargement of time to respond to the petition for a writ of habeas corpus (docket #15). Respondents' motion is granted. Respondents shall file their response to the petition on or before November 17, 2011.

Also before the court is petitioner's motion for reconsideration of the court's order denying his second motion for appointment of counsel (docket #13), as well as a third motion for the appointment of counsel (docket #14). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his

1   claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

2          The court notes that the motion for reconsideration is not appropriate at this time because

3   a party may only challenge a final judgment or order in such a motion, and the underlying motion for

4   counsel had been denied without prejudice. *See* Federal Rules of Civil Procedure 59(e) and 60(b).

5   However, petitioner proceeded to file a third motion for appointment of counsel; thus the court need not

6   exercise its discretion to construe the motion for reconsideration as a renewed motion for counsel.

7   Moreover, the current motion for appointment of counsel (docket #14) is denied.  The petition in this

8   action appears sufficiently clear in presenting the issues that petitioner wishes to raise.  Petitioner has

9   not raised any new issues in his successive motions for appointment of counsel, and counsel is not

10   justified in this action.  The motion is denied with prejudice, and further motions for counsel will not

11   be entertained in this case.

12          **IT IS THEREFORE ORDERED** that respondents' motion for enlargement of time to

13   respond to the petition (docket #15) is **GRANTED**.  Respondents shall file their response on or before

14   November 17, 2011.

15          **IT IS FURTHER ORDERED** that petitioner's motion for district judge to reconsider

16   order (docket #13) is **DENIED**.

17          **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel

18   (docket #14) is **DENIED with prejudice**.

19          DATED this 4th day of October 2011.

Edward C. Reed.
UNITED STATES DISTRICT JUDGE

2