UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO SMITH PARRA, | |
| Petitioner, | 3:11-cv-00416-ECR-WGC |
| vs. | **ORDER** |
| E.K. MCDANIEL, *et al.*, | |
| Respondents. | |

On October 5, 2011, the court dismissed with prejudice petitioner's third motion for appointment of counsel and indicated that it would not entertain further motions for counsel in this action (ECF #16). Before the court is plaintiff's motion for district judge to reconsider Order as well as two additional motions for appointment of counsel (ECF #s 19, 20, 21).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of October 5, 2011, the court denied petitioner's third motion for appointment of counsel because the petition appears sufficiently clear in presenting the issues petitioner wishes to raise (ECF #16). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion with prejudice should be reversed.

The court turns next to petitioner's motion for appointment of counsel/request to submit complaint in Spanish (ECF #20) and motion for appointment of counsel/request for evidentiary hearing (ECF #21). As the court previously indicated that it would not consider further motions for counsel, both motions are denied. The court notes that petitioner alleges that the inmate who previously assisted him with English is no longer able to do so. However, petitioner does not allege that no other inmates are able to assist him; moreover, his filings with this court are all comprehensible and articulate his claims. He has presented no basis for appointment of counsel in this case. Petitioner is reminded that

1  the court will entertain no further motions for appointment of counsel in this action.

2        **IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider
3  Order (ECF #19) is **DENIED.**

4        **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF
5  #20) and motion for appointment of counsel/request for evidentiary hearing (ECF #21) are both
6  **DENIED**.

7        Dated this 15th day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE