**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JULIO SMITH PARRA, ) | |
| ) | |
| Petitioner, ) | 3:11-cv-00416-ECR-WGC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. MCDANIEL, *et al.,* ) | |
| ) | |
| Respondents. ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #24). Petitioner opposed (ECF #30), respondents replied (ECF #34), and petitioner filed a traverse (ECF #35). Petitioner has also filed a motion for early production of "Giglio" material (ECF #28) and a motion for early disclosure of Jencks Act material (ECF #29). Respondents opposed both motions (ECF #s 33 and 32, respectively).

**I. Procedural History**

Petitioner is in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") pursuant to two judgments of conviction from the Eighth Judicial District Court

of the State of Nevada (Case No. C160060 and Case No. C162043, exhibits to motion to dismiss, ECF #24, ex. 8 at 1-2 and ex. 9 to ex. 8).[1]  In May 2010, petitioner was served with a notice of disciplinary charges for violating NDOC administrative regulations by possessing contraband (ex. 1 to ex. 8). Pursuant to a disciplinary hearing, the disciplinary officer entered a finding of guilt for a reduced charge–possession of unauthorized items under $50.  As is now evident from the record, petitioner's sanction was ten-days loss of canteen privileges only.  He did not lose any good-time credits (ex. 8 at 12; affidavits of NDOC personnel, ex. 8 at 27 ¶4 and ex. 8 at 30 ¶4).

On October 20, 2010, petitioner filed a state petition for a writ of habeas corpus in state district court, raising ten grounds for relief (ex. 2).  On February 18, 2011, the state district court granted respondents' motion to dismiss, finding that petitioner failed to state a cognizable claim for relief (ex. 14).  The district court found that petitioner's claims were not cognizable because he "did not suffer the actual loss of good time credits . . . ." (ex. 14 at 2).

The state district court served a notice of entry of order on petitioner on February 18, 2011, which expressly notified petitioner that he had thirty-three days to file a notice of appeal with the state district court (ex. 13).  Petitioner filed an untimely notice of appeal (ex. #s 15, 16), which respondents moved to dismiss (ex. 19).

Petitioner filed a document with the Nevada Supreme Court in proper person asserting (1) a First Amendment violation because he was not given an opportunity to speak or to present two witnesses and evidence at his inmate disciplinary hearing; (2) an Eighth Amendment violation because he was punished "for a false disciplinary;" and (3) a Fourteenth Amendment violation because he was not given a translator during the disciplinary proceedings (ex. 21).  The Nevada Supreme Court issued an order dismissing the appeal for lack of jurisdiction because petitioner did not file a timely notice of appeal (ex. 22).

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #24, and are found at ECF #25.

Petitioner dispatched his federal habeas petition to this court on June 8, 2011 (ECF #9). Petitioner raises two, duplicative grounds for relief. Respondents argue that the petition fails to state a claim for which relief may be granted and alternatively, contains unexhausted grounds, and alternatively, should be denied on the merits (ECF #24).

**II. Discussion**

    **A. Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody on the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v Rodriguez*, 411 U.S. 475, 484 (1973). "[H]abeas corpus is not an appropriate or available federal remedy" when a petitioner is not "challeng[ing] the very fact or duration of confinement itself" or unconstitutional restraints that render the petitioner's otherwise lawful custody, unlawful. *Id*. at 494, 499.

    **B. Instant Petition**

In the two grounds of his federal petition, petitioner claims that his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights have been violated because (1) he was denied witnesses and a translator at his prison disciplinary proceedings; (2) he was punished by segregation; (3) he lost his personal property; (4) he lost his job; and (5) his classification level was changed (ex. 9 at 3, 5).

Respondents argue that the petition fails to state a claim for which relief may be granted because petitioner does not challenge the fact or duration of his custody (ECF #24). Alternatively, they argue that the petition contains unexhausted grounds, or that it should be denied on the merits (*id*.).

Petitioner's opposition to the motion to dismiss does not respond directly to respondents' arguments and is instead set out as if it is an amended petition or a statement of additional claims, expanding on the grounds set forth in the petition (ex. 30). In his opposition, petitioner alleges first that he lost 6-7 days of good-time credit (ex. 30 at 14), then that he "believe[s] that [he] lost 6-7 days of good

1 time or the opportunity to earn[] that 6-7 days" (ex. 30 at 20). In their reply, respondents point out that
2 the numerous additional factual allegations and specific requests for relief set forth in petitioner's
3 opposition are not properly before the court (ex. 34).

4 First, respondents are correct that any new factual allegations in petitioner's opposition
5 are not properly before the court. Moreover, petitioner's assertion in his opposition that his disciplinary
6 proceedings resulted in a loss of good-time credits is belied by the record.[2] Petitioner includes with his
7 opposition ESP Warden McDaniel's August 13, 2010 response to his appeal of the disciplinary sanction
8 (ex. 30 at 27). That response indicates that plaintiff's only sanction was ten-days loss of canteen
9 privileges (*id*.). Respondents have also provided the affidavits of ESP Associate Warden of Programs
10 Renee Baker–who attests that she reviewed the records of the disciplinary charge and petitioner was
11 sanctioned with ten-days loss of canteen privileges only (ex. 8 at 30 ¶4 )–and an NDOC administrative
12 assistant in the Office of Offender Management who authenticated copies of petitioner's sentence credit
13 histories, which show that he lost no good-time credits as a result of this disciplinary incident (ex. 8 at
14 27 ¶4 ).

15 Thus, petitioner is left with challenges to the constitutionality of the disciplinary
16 proceedings, conditions of confinement allegations that clearly sound in § 1983 civil rights claims, not
17 habeas corpus. *See* 42 U.S.C. § 1983. Petitioner does not challenge the validity of his judgment of
18 conviction, sentence, or computation of time. *Preiser*, 411 U.S. at 484, 498-499. Accordingly,
19 respondents' motion must be granted, and the petition must be dismissed with prejudice for failure to
20 state a claim for which relief may be granted. Petitioner's motion for early production of "Giglio"
21 material (ECF #28) and motion for early disclosure of Jencks Act material (ECF #29) are therefore
22 denied as moot.

---

[2] The court need not consider whether the loss of 6-7 days good-time credit for sentences that appear from the record to be at minimum one hundred fourteen months would constitute only *de minimis* harm.

4

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id*.; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id*.

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition for failure to state a claim for which relief may be granted (ECF #24) is **GRANTED.** The petition is dismissed with prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for early production of "Giglio" material (ECF #28) and motion for early disclosure of Jencks Act material (ECF #29) are both **DENIED.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 9th day of February 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

6